The counsel for Luckett filed the following petition for a t e-hearing.

It is respectfully suggested to the court, that the •record has been misapprehended in this case.
It is stated in the opinion delivered, “that it appeared from the testimony, that the plaintiff in error, 'George W. Freeman, as a deputy sheriff, had levied a feri facias, in favor of Dandridge Freeman, against J. Bratton on the horse now in controtersy, and sold him; the horse, had been the acknowledged property of Bratton, and at the time of the levy, was in his possession; that Dandridge Freeman, was also a deputy sheriff, and that the plaintiff' in error, had been appointed at his instance, and on his responsibility.” Thus far there is no objection to the statement -of the case. But it is supposed the court has not rightly apprehended the grounds of objection to the ■competency of this Dandridge Freeman as a witness for the defendant, George W. Freeman, who offered •him. It is stated in the opinion, that “the reason assigned for deciding that Dandridge Freeman was not a competent, witness, was, that on a former day of the term, on an application for a continuance, he offered to make affidavit for obtaining it, and stated that he considered himself interested in the case, because the plaintiff in error being appointed at his instance, he felt himself responsible, and had agreed to be responsible to the sheriff for his acts as deputy.”
These are the words of the record. The witness “was objected to by the plaintiff, on the ground that he was interested in the cause, and to prove the fact of his interest referred” (the plaintiff referred) “to the fact known to the court, that on a previous day of thepres-ent term, the defendant,” Geo. W. Freeman, who now Offered the witness, “on a motion for a continuance *395 of this cause, introduced this Dandridge Freeman, to make the necessary affidavit, and that on the plaintiff making an objection to the affidavit being by said Dandridge, he, the said Dandridge, stated, on- the interrogation of the defendant, who now offered him as a witness, “that he, Dandridge, was interested in the suit.”
The above is all the statement made by the witness* on the motion for a continuance, which was referred to by the plaintiff, and known to the court. And this was the only ground of óbjection to the competency of the witness, when offered on the trial, and this the only proof of the ground.
The bill of exceptions then proceeds in these: words, “plaintiff did not require said Dandridge to be sworn now, as to his interest, (nor did the defendant,) nor was he sworn, but he stated, not on oath, that he was responsible to the high sheriff, and his brother was his,assistant, acting for him, and qualified' at his instance, but had not executed bond. But these statements of the witness were made, not on the motion for a continuance, but on the trial, when offered as a witness, nor were they made at the instance of the plaintiff, Luckett; he neither required him to be sworn, nor to make any such statement.. Such is the plain import of the record.
These two statements present very different cases, and from them very different legal consequences result. In the first place, according to the statement made in the opinion, the court has apprehended that when Dandridge Freeman was offered as a witness, by the defendant, the plaintiff called on him to prove his own incompetency. This might have been done if plaintiff had chosen; and it is acknowledged that if the plaintiff had attempted to prove the incompetency of the witness, by himself, the witness ought to have been sworn on his voir dire, or elsehow, because his statement, not on oath, could not be evidence against the defendant, for any purpose except to discredit him, Dandridge, as a witness, after he had been examined.
But the plaintiff did not choose to do this, lie objected to the witness on the ground that he was *396 interested in the cause; and to prove the fact of his interest, heb.‘didnot call on the witness to make any statement at that lime, either on or off his oath;” he “did not. require him to be sworn;” but he referred to the fact known tp the court, that the defendant, who now offered this witness in chief, on his behalf, had, 9 few days before,, introduced him, this self same Dandridgé, to act the part of defendant in fact, in making the necessary affidavit for a continuance, and that on the plaintiff’s requiring the defendant himself, to swear, in the stead of this witness, he, the defendant, had both affirmed himself, and also proved by this* witness, that he, the witness, was the interested party, and the proper person tp be sworn for the continuance. It is not said, in so many words, that the defendant affirmed that the witness was interested, but it is said the plaintiff objected to the witness’s swearing for the continuance, and that, thereupon; the defendant, to render him competent to make the affidavit, asked him the question, and the witness answered, he was interested in the case. This transaction was by defendant in proper person^ not by attorney. And surely, this was equal to an acknowledgement that the witness was interested; and, consequently, not competent. The court has said, if the party admit, or it be proved that he had acknowledged his witness was not competent, this, will be prima facie, sufficient to exclude him. But the defendant in this case did more. He acknowledged the fact of the interest of the witness, by putting the interrogation to him in court; and in addition to that, he presented the witness in court, in the character of the real party tp the suit, and proved by him the fact of his interest, and thus compelled the plaintiff to consent to the postponement of the trial, pn certain terms, or to a continuance, as will appear by the order of postponement, found in the record. And shall a party be allowed to thus blow hot and Cold with the same breath? May he stand by and move for a continuance, and keeping aloof himself, offer a witness tp prove the ground of the motion, under the pretence that the witness is the party interested, and then, immediately the trial is commenced, pfier the same witness to prove his defence to the *397 action? Shall he have the witness interested, when that is necessary for his competency, and disinterested when that may be necessary? And shall this juggling be tolerated in the face of the judge? This is an infinitely stronger case than the case of Crockett and Lashb rook, 5 Monroe, 544.
In the 2d place, the court has supposed the plaintiff had relied on the opinion of the witness, that he was interested. Whereas, the record shews, that the witness had stated on the motion for the continuance, on the interrogation of the defendant, that he was interested in the suit; not a word is said of opinion, nor that the witness considered himself interested; but the language is direct and positive. Nor is there any reason given, nor any mode stated,in which the interest of the witness existed. The fact only is affirmed, by the defendant, and his witness.
It has been shewn ahove, that the voluntary statements made by the witness, when the defendant offered him on the trial, and the plaintiff did not require him to be sworn to answer questions, were not called for by the plaintiff, and constituted no part of the plaintiff’s ground of objections, to the competency of the witness. Nor did the witness make these statements, as the cause of his being interested, and the only cause. The word, because, nor its equivalent, does not occur in the statement of the witness.
The short of the case is this. The defendant George W. Freemqn, the mere assistant or bailiff of the witness, his brother Dandridge, was sued in det-inue, for seizing the horse of the plaintiff, under an execution, in the name of Dandridge; and on a motion for a continuance,the defendant told the court, he had nothing to do with the case, but Dandridge was the party, and must do the swearing, for the continuance, and proved the fact of the interest of Dandridge by himself; and then, within the same day in law, the samé Dandridge, is offered as a disinterested witness, to maintain the defence, without one single word of explanation.
Surely, the defendant ought at least, to have called on the witness to give some account of that interest he had deposed to, a few days before, at the in *398 stance of the defendant. If there had been a mistake in the defendant and his witness, it was certainly for them to correct it. They had'shewn for their purposes, the witness was incompetent, and that was, prima facie for the plaintiff. But so far from this, when the objection is made, and the ground stated, the defendant does not venture to ask the witness, either on or off oath, whether he was in fact interest» ed or not, as he had deposed a few days before. It is not inquired of him, whether he had any other interest, than what might arise from the facts stated. He is not asked,.whether his previous statement rested on. his own inferences or not.
Response to She petition.
I am sure,, the court will not hesitate on a re-examination of the record, in deciding, that the witness was shewn, prima facie, at least, to have been interested, and incompetent, and that the circuit judge, before whom, all this matter' transpired, did not err, in rejecting him. A re-hearing is asked, the case is small, but right is right.
Judge Robertson delivered the following response, to the petition
The court didjiot misconceive the facts, in the re^ cord.
We do not concur with the counsel, that the plaintiff in error, acknowledged the incompetency of the witness. Even if he had admitted, that he was interest* ed, the admission would be restricted, by the nature of the interest, stated by the witness.
The following is an extract from the bill of exceptions. -
“He (D. Freeman) stated on oath, that he was respond sible to the high sheriff, and his brother, (theplaintiff) zoas his assistant.” This was no legal' interest.
•If D, Frernan were interested,, it would have been proper, when he was offered as a witness, to prove the interest, either by himself, or some other witness, on oath.
If, on his voir dire, he had repeated only the foregoing quotation, he might have been rendered competent. His incompetency, we repeat, was not proved.
The petition is overruled.